IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZAPATA dba ZAPATA COLLECTION, SERVICE, an Individual, | |
| Plaintiff, | No. 2:09-cv-03555 GEB KJN PS |
| v. | ORDER |
| FLINTCO, INC., an Oklahoma corporation, SAN JOAQUIN COMMUNITY COLLEGE DISTRICT, a Political Subdivision and JOHN DOE 1-25, inclusive, | |
| Defendants. | |
| _____/ | |

On March 30, 2010, plaintiff filed a motion to compel defendant Flintco, Inc. to answer interrogatories and requests for production of documents that were propounded by plaintiff on March 18, 2010. (Dkt. No. 16.) His motion notices a hearing date of April 15, 2010. Plaintiff has defectively noticed his motion to compel because, at a minimum, the noticed hearing date is scheduled to take place fewer than 21 days from the date of the filing and service of the motion. Eastern District Local Rule 251(a). Although plaintiff may re-notice his motion, he is advised to review this court's Local Rules, the Federal Rules of Civil Procedure, and the remainder of this order prior to doing so.

1

In addition to the defective notice of motion, plaintiff propounded discovery requests before the parties' conference pursuant to Federal Rule of Civil Procedure 26(f). Federal Rule of Civil Procedure 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." District courts within the Ninth Circuit may also permit expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted).

The status (pretrial scheduling) conference in this case is currently scheduled for May 20, 2010. (Dkt. No. 7.) Accordingly, unless plaintiff can demonstrate that this action falls within the types of actions listed in Federal Rule of Civil Procedure 26(a)(1)(B), or seeks leave from the court based on a showing of good cause to expedite discovery, plaintiff's discovery requests are untimely.

For the reasons stated above, the court hereby ORDERS that:

1. Plaintiff's motion to compel is denied as defectively noticed.

2. The hearing on plaintiff's motion to compel noticed for April 15, 2010 is vacated.

////
////
////
////

IT IS SO ORDERED.

DATED: April 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE