IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZAPATA dba ZAPATA COLLECTION, SERVICE, an Individual,<br><br>          Plaintiff,<br><br>     v.<br><br>FLINTCO, INC., an Oklahoma corporation, SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT, a Political Subdivision and JOHN DOE 1-25, inclusive,<br><br>          Defendants.<br>_____/ | No. 2:09-cv-03555 GEB KJN PS<br><br>ORDER |

On May 20, 2010, this case was before the undersigned for a status (pretrial scheduling) conference.[1] Plaintiff, who is proceeding without an attorney, appeared on his own behalf. Attorney Jason Suh appeared on behalf of both defendants. As a result of the contentions regarding the court's subject matter jurisdiction contained in the Joint Status Report filed by the parties (Dkt. No. 23), and for the reasons discussed at the status conference, the undersigned will not enter a status (pretrial scheduling) order at this time and, instead, will enter such an order

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 5).

1

after the court has resolved whether it has subject matter jurisdiction to hear this case.

This dispute arises out of defendant San Joaquin Delta Community College District's (the "District") call for competitive bidding for the construction of a public project consisting of the renovation of the interior of the Goleman Learning Resource Center. (Pl.'s Compl. ¶ 13, Dkt. No. 1.) Plaintiff, an individual, is the purported "assignee of all rights, title, interest due to Midwest Demolition Company of California (Midwest), a California corporation, and against all Defendants." (Id. ¶ 6.) Generally, plaintiff alleges that defendant Flintco, Inc. ("Flintco"), the successful prime contract bidder, initially listed Midwest on an authorized bid form as a subcontractor to conduct certain demolition work in connection with the renovation project. (Id. ¶ 15.) He further alleges that Flintco subsequently substituted another subcontractor for Midwest to perform the demolition work at issue as a result of Midwest's purported refusal to enter into a subcontract with Flintco. (See id. ¶¶ 17-20.)

Plaintiff's complaint alleges two claims for relief: (1) "breach of duty not to substitute subcontractor for listed subcontractor without proper consent," which appears to be alleged only against Flintco; and (2) violation of due process, alleged against the District. (Id. ¶¶ 12-36.) Plaintiff seeks damages in the amount of $348,031.00, costs, collection fees, and attorney's fees. (Dkt. No. 1 at 8.)

Plaintiff has alleged that this court has subject matter jurisdiction to hear this case pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. (Pl.'s Compl. ¶ 1.) Although defendants have already filed an answer to plaintiff's complaint, defendants have indicated that they intend to challenge the court's subject matter jurisdiction. Defendants contend that the assignment from Midwest to plaintiff is a "sham"; that Midwest, a California corporation, is the proper plaintiff in this action; and that there can be no complete diversity if Midwest is indeed a proper plaintiff because the "District is a California entity." (See Joint Status Report at 2:17-22, Dkt. No. 24.) Defendants have also indicated that they intend to challenge whether plaintiff, an individual, may properly represent Midwest, which defendants believe is a proper party here and

2

is a corporation that may only appear in federal court through an attorney (id. at 4).  See, e.g., Local Rule 183(a).

Because the court has an independent obligation to assess its subject matter jurisdiction, Bova v. City of Medford, 564 F.3d 1093, 1095 (9th Cir. 2009), the court declines to enter a status (pretrial scheduling) order at this time and will do so only after the dispute regarding the court's subject matter jurisdiction has been resolved.  As described below, the court will permit defendants to conduct limited discovery, including the taking of a limited deposition of plaintiff, and will permit defendants to file a motion challenging the court's subject matter jurisdiction.[2]  And because plaintiff has indicated that he will be out of the country from approximately June 18, 2010 through the middle of August of 2010, the undersigned will set a schedule for the taking of limited discovery and a limited deposition of plaintiff, and will set a briefing schedule for defendants' motion, if any, related to the matters discussed herein.  The parties are strongly encouraged to cooperate with a view toward completing the discovery and briefing permitted herein on an expedited basis and moving this case forward.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants will be permitted to conduct limited discovery, consistent with the Federal Rules of Civil Procedure and applicable law, regarding whether the court has subject matter jurisdiction over this case and whether plaintiff may represent a corporate entity, which might be a proper party in this matter, in federal court.  This may include discovery regarding the "assignment" from Midwest Demolition Company of California to plaintiff in this case and the nature of plaintiff's relationship to, or affiliation with, Midwest Demolition Company of California and/or Midwest Demolition Company.  However, Defendants are cautioned that,

---

[2] See Fed. R. Civ. P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) (characterizing a post-answer motion brought pursuant to Rule 12(b)(1) as "technically untimely," but concluding that the government's motion was properly before the court as "a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction"); accord Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 956 n.2 (9th Cir. 2004).

3

consistent with the undersigned's admonition at the status conference, such discovery shall be limited in nature.

   2. Defendants may serve written discovery limited to the issues described above and consistent with the discussion at the status conference. Such written discovery shall be served and responded to, if at all possible, before June 17, 2010.[3] Additionally, if defendants determine that the taking of plaintiff's deposition—limited to the issues described above and discussed at the status conference—is required, they may take plaintiff's deposition. Any such limited deposition shall take place on or before June 17, 2010, in either Los Angeles or Sacramento, California, or an alternative location within the State of California that is agreeable to both parties.

   3. If defendants are not able to complete the permitted, limited discovery on on or before June 17, 2010, they shall file a written statement with the court describing the efforts made, and the reasons for the failure, to complete the discovery permitted herein.

   4. All discovery in this case, except as described above, is stayed until such time as the court has resolved the dispute regarding its subject matter jurisdiction over this case.

   5. Defendants shall file a motion, if any, challenging the court's subject matter jurisdiction and/or challenging plaintiff's ability to represent a corporate party in federal court within sixty (60) days of the date of entry of this order. If defendants decide not to file such a motion, they shall promptly notify the court in writing and serve such notice on plaintiff. If defendants file such a motion, plaintiff shall have thirty (30) days to file a written opposition or statement of non-opposition. Plaintiff may file and serve such written opposition or statement of non-opposition electronically in .pdf format if needed, and shall contact the undersigned's courtroom deputy, Casey Schultz, in advance of the filing deadline to arrange for timely

---

[3] Although defendants requested a shortening of time within which plaintiff would be obligated to respond to discovery propounded by defendants, the undersigned advised the parties that, at least initially, they would be expected to cooperatively address the timing of responses to such discovery.

4

1  electronic filing. Defendants shall then have seven (7) days to file an optional written reply. The
2  court will set a hearing date if it determines that a hearing is required.
3        6.    Plaintiff's motion for summary judgment filed May 20, 2010 (Dkt. No.
4  27), is dismissed without prejudice to refiling after the court has resolved the dispute regarding
5  whether it has subject matter jurisdiction to hear this case.
6        IT IS SO ORDERED.
7  DATED: May 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE