IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZAPATA dba ZAPATA COLLECTION, SERVICE, an Individual,<br><br>      Plaintiff,<br><br>    v.<br><br>FLINTCO, INC., an Oklahoma corporation, SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT, a Political Subdivision and JOHN DOE 1-25, inclusive,<br><br>      Defendants.<br>_____/ | No. 2:09-cv-03555 GEB KJN PS<br><br><br><br><br><br><br><br>ORDER |

        Following a May 20, 2010 status (pretrial scheduling) conference, the court entered an order setting a schedule by which the parties were to attempt to conduct limited discovery including taking plaintiff's deposition relating to the following: (1) whether the court has subject matter jurisdiction over plaintiff's claims; and (2) whether plaintiff, an individual, is an appropriate party herein or whether he may properly represent a corporation relevant to the parties' underlying dispute. (See Dkt. No. 29.) As more specifically stated in the court's order and at the status conference, the court set this special schedule to accommodate plaintiff, who will be out of the country beginning approximately June 18, 2010, and returning in the middle of August 2010.

1   On June 9, 2010, defendants filed a request to modify the previously set schedule
2   because of their inability to accomplish the permitted discovery on or before June 17, 2010.
3   (Dkt. No. 30.)  Defendants also seek sanctions in the amount of $860 for attorney's fees incurred
4   in preparing the request to modify the court's order.  Defendants essentially contend that
5   plaintiff's obstreperous behavior in connection with responding to discovery propounded by
6   defendants and in connection with scheduling plaintiff's deposition is the basis for defendants'
7   request to modify the schedule.
8   The undersigned concludes that defendants have shown good cause to modify the
9   previously set schedule and will amend the schedule.  The undersigned declines to impose
10  sanctions on plaintiff at this time.  However, plaintiff is admonished that he may be subject to all
11  sanctions authorized by statute or Local Rule or within the inherent power of the court if
12  defendants are forced to move to compel discovery responses or his attendance at his deposition.
13  <u>See</u> Fed. R. Civ. P. 37; Local Rule 110 ("Failure of counsel or of a party to comply with these
14  Rules or with any order of the Court may be grounds for imposition by the Court of any and all
15  sanctions authorized by statute or Rule or within the inherent power of the Court.")
16  For the foregoing reasons, IT IS HEREBY ORDERED that:
17  1.   Plaintiff shall promptly notify the court and defendants in writing of the
18  exact date when he is scheduled to return from his international travels.
19  2.   The deadline for the completion of the limited discovery permitted by the
20  court's May 20, 2010 order is extended, and such discovery must be completed within 45 days
21  after plaintiff's scheduled return to this country from his international trip.
22  2.   Defendants shall file a motion, if any, challenging the court's subject
23  matter jurisdiction and/or challenging plaintiff's ability to represent a corporate party in federal
24  court within sixty (60) days after plaintiff's return to this country from his international trip.  If
25  defendants decide not to file such a motion, they shall promptly notify the court in writing and
26  serve such notice on plaintiff.  If defendants file such a motion, plaintiff shall have thirty (30)

1  days to file a written opposition or statement of non-opposition.  Plaintiff may file and serve such
2  written opposition or statement of non-opposition electronically in .pdf format if needed, and
3  shall contact the undersigned's courtroom deputy, Casey Schultz, in advance of the filing
4  deadline to arrange for timely electronic filing.  Defendants shall then have seven (7) days to file
5  an optional written reply.  The court will set a hearing date if it determines that a hearing is
6  required.

       3.      The remainder of the court's May 20, 2010 order remains in effect.

IT IS SO ORDERED.

DATED: June 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE