IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZAPATA dba ZAPATA COLLECTION, SERVICE, an Individual,<br><br>        Plaintiff,<br><br>   v.<br><br>FLINTCO, INC., an Oklahoma corporation, SAN JOAQUIN DELTA COMMUNITY COLLEGE DISTRICT, a Political Subdivision and JOHN DOE 1-25, inclusive,<br><br>        Defendants.<br>_____/ | No. 2:09-cv-03555 GEB KJN PS<br><br><br><br><br><br><br><br><br><br><br>ORDER TO SHOW CAUSE |

        Following a May 20, 2010 status (pretrial scheduling) conference, the court entered an order setting a schedule by which the parties were to attempt to conduct limited discovery and plaintiff's deposition relating to the following: (1) whether the court has subject matter jurisdiction over plaintiff's claims; and (2) whether plaintiff, an individual, may properly represent a corporation relevant to the parties' underlying dispute, which defendants believe is a proper party here. (See Dkt. No. 29.) As more specifically stated in the court's order and at the status conference, the court set this special schedule to accommodate plaintiff, who had indicated that he would be out of the country beginning approximately June 18, 2010, and returning in the middle of August 2010.

On June 9, 2010, defendants filed a request to modify the previously set schedule because of their inability to accomplish the permitted discovery on or before June 17, 2010. (Dkt. No. 30.) Defendants' motion was largely based on plaintiff's obstreperous behavior in connection with responding to discovery propounded by defendants and the scheduling of plaintiff's deposition. On June 10, 2010, the undersigned granted defendants' request to amend the schedule, but declined to impose sanctions on plaintiff for his behavior. (Dkt. No. 31.) Because this case has been delayed as a result of plaintiff's international travel schedule, the court's June 10, 2010 order specifically required plaintiff to "promptly notify the court and defendants in writing of the exact date when he is scheduled to return from his international travels." (Id. at 2.)

It is now well-past the middle of August 2010, and plaintiff failed to notify the court of the exact date when he was scheduled to return from his international travels. Indeed, plaintiff should have already returned from his trip. Thus, it appears to the court that plaintiff is either intentionally delaying this matter or not taking this lawsuit seriously. Under either scenario, defendants should not be forced to bear the burden of plaintiff's dilatory conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, no later than September 17, 2010, why sanctions, *including dismissal of his lawsuit*, should not be imposed for plaintiff's failure to prosecute this action and failure to comply with this court's orders. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a);[1] see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

---

[1] Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 183(a) provides, in part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."

Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal). *Plaintiff's failure to file the required writing shall constitute an additional ground for the imposition of appropriate sanctions, including dismissal of this action*.

2. Defendants may file a brief, not to exceed five pages in length, in support of the award of sanctions against plaintiff, including dismissal of plaintiff's lawsuit. Defendants shall file any such brief on or before September 24, 2010, but need not wait for plaintiff to file a response to this show cause order before filing any such brief.

3. The court will schedule a hearing if it determines that one is necessary.

IT IS SO ORDERED.

DATED: September 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE