1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JOHN ZAPATA dba ZAPATA
    COLLECTION, SERVICE, an Individual,
11
             Plaintiff,                    No. 2:09-cv-03555 GEB KJN PS
12
          v.
13
    FLINTCO, INC., an Oklahoma
14  corporation, SAN JOAQUIN DELTA
    COMMUNITY COLLEGE DISTRICT,
15  a Political Subdivision and JOHN DOE
    1-25, inclusive,
16
             Defendants.                   ORDER
17  _____/

18          Pending before the court is plaintiff's response to the court's order to show cause

19  (the "OSC") and defendants' reply to plaintiff's response, the latter of which seeks dismissal of

20  plaintiff's lawsuit and sanctions in excess of $84,000.  (See Dkt. Nos. 32-34.)  The court entered

21  the OSC as a direct result of plaintiff's dilatory, obstreperous, and evasive conduct, and plaintiff

22  has provided little reason for the undersigned not to impose sanctions, including dismissal, for

23  plaintiff's behavior.  Nevertheless, the undersigned will not, at this time, dismiss this action or

24  impose a monetary sanction on plaintiff.  Instead, the undersigned will order plaintiff to appear

25  for his deposition at a location agreeable to defendant and cooperatively participate in the taking

26  of his deposition, bearing in mind that plaintiff will be subject to severe sanctions, including the

1

1   dismissal of his case, if he continues his substandard behavior, to date, going forward.

2          Following a May 20, 2010 status (pretrial scheduling) conference, the court

3   entered an order setting a schedule by which the parties were to attempt to conduct limited

4   discovery and plaintiff's deposition relating to the following: (1) whether the court has subject

5   matter jurisdiction over plaintiff's claims; and (2) whether plaintiff, an individual, may properly

6   represent a corporation relevant to the parties' underlying dispute, which defendants believe is a

7   proper party here.  (See Dkt. No. 29.)  As more specifically stated in the court's order and at the

8   status conference, the court set this special schedule to accommodate plaintiff, who had indicated

9   that he would be out of the country beginning approximately June 18, 2010, and returning in the

10  middle of August 2010.

11         On June 9, 2010, defendants filed a request to modify the previously set schedule

12  because of their inability to accomplish the permitted discovery on or before June 17, 2010.

13  (Dkt. No. 30.)  Defendants' motion was based on plaintiff's obstreperous behavior in connection

14  with responding to discovery propounded by defendants and the scheduling of plaintiff's

15  deposition.  On June 10, 2010, the undersigned granted defendants' request to amend the

16  schedule, but declined to impose sanctions on plaintiff for his behavior.  (Dkt. No. 31.)  Because

17  this case has been delayed as a result of plaintiff's international travel schedule, the court's

18  June 10, 2010 order specifically required plaintiff to "promptly notify the court and defendants in

19  writing of the exact date when he is scheduled to return from his international travels."  (Id. at 2.)

20         As of September 9, 2010, plaintiff had failed to notify the court of the exact date

21  when he was scheduled to return from his international travels.  Indeed, plaintiff should have

22  already have returned from his trip by that date.  Because plaintiff's behavior signaled that he

23  was either intentionally delaying the progression of this lawsuit or not taking this lawsuit

24  seriously, the court issued the OSC.  (Dkt. No. 32.)  The OSC stated, in part:

25         Plaintiff shall show cause, in writing, no later than September 17, 2010,
       why sanctions, *including dismissal of his lawsuit*, should not be imposed
26     for plaintiff's failure to prosecute this action and failure to comply with

this court's orders.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).  *Plaintiff's failure to file the required writing shall constitute an additional ground for the imposition of appropriate sanctions, including dismissal of this action.*

(Id. (footnote omitted).)  The OSC also provided defendants with an opportunity to respond to the OSC and any response to the OSC filed by plaintiff.

On September 17, 2010, plaintiff filed a response to the OSC, which basically stated that he was still on his extended vacation and provided a number of excuses for his delayed return to the United States.  (Dkt. No. 33.)  Defendants filed a reply to plaintiff's response to the OSC, which requests that the court dismiss plaintiff's lawsuit and impose sanctions in an amount exceeding $84,000, which constitutes the amount of fees and costs incurred by defendants in defending against plaintiff's lawsuit.  (Dkt. No. 34.)

On September 28, 2010, plaintiff filed a letter with the court indicating that he returned to the United States on September 24, 2010, and is ready to have his deposition taken. (Dkt. No. 35.)  An e-mail message attached to plaintiff's letter indicates that plaintiff is refusing to have his deposition taken outside of Sacramento, California or Las Vegas, Nevada.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the

rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."); <u>see</u> <u>also</u> E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").  A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic
> alternatives.

<u>Id</u>. at 1260-61; <u>accord</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).

The undersigned has considered these five factors as they relate to plaintiff's conduct in this case.  Plaintiff has conducted himself poorly in this action, to say the least.  He has shown a lack of respect for defendants, their attorneys, and this court.  Plaintiff has delayed this lawsuit from progressing for several months and has flouted the court's orders.  Although plaintiff's conduct presents a close call, the undersigned will not dismiss this case because of the public policy favoring the disposition of cases on their merits, and because of the availability of less drastic alternatives.

The undersigned will order that plaintiff promptly make himself available to have his deposition taken by defendants' counsel.  Plaintiff shall also be required to accommodate defendants with respect to the site of his deposition.  This means that plaintiff shall have no standing to object to his deposition taking place at a reasonable location that is convenient for

4

defendants, which includes Los Angeles, California.

Additionally, the court will not, at this time, impose monetary sanctions on plaintiff.  However, plaintiff should be well-aware that he is approaching the limits of the court's patience.  If he continues to conduct himself in the manner demonstrated thus far, including at his deposition, the court will readily impose stiff monetary sanctions on plaintiff and very well may, in addition to any sanction, dismiss plaintiff's case pursuant to Rule 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants may promptly take plaintiff's deposition on the topics discussed at the May 20, 2010 status conference and in the order thereon (Dkt. No. 29).  Plaintiff shall make himself available for the taking of his deposition on a date agreeable to both parties, but, in any event, plaintiff's deposition shall take place on or before December 3, 2010.  The deposition shall take place at a reasonable location that is satisfactory to defendants, and such location may include Los Angeles, California.  *Plaintiff shall have no say regarding the location where his deposition will be taken* (within reason) and will be entirely responsible for his expenses (e.g., travel, housing, etc.) related to his deposition.  Defendants shall promptly notify the court in writing once plaintiff's deposition has been satisfactorily taken.

2.  If plaintiff continues to exhibit obstructionist, dilatory, and evasive behavior in this matter, including at his deposition, the undersigned will impose significant monetary sanctions on plaintiff and, additionally, may dismiss plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 41(b).  This order constitutes notice that the court has considered and pursued alternative sanctions short of dismissal.  The next step is monetary sanctions and involuntary dismissal.

3.  Defendants shall file a motion, if any, challenging the court's subject matter jurisdiction and/or challenging plaintiff's ability to represent a corporate party in federal court within sixty (60) days after taking plaintiff's deposition.  If defendants decide not to file such a motion, they shall promptly notify the court in writing and serve such notice on plaintiff.

1   If defendants file such a motion, plaintiff shall have fourteen (14) days to file a written

2   opposition or statement of non-opposition to defendants' motion.  Plaintiff may file and serve

3   such written opposition or statement of non-opposition electronically in .pdf format if needed,

4   and shall contact the undersigned's courtroom deputy, Casey Schultz, in advance of the filing

5   deadline to arrange for timely electronic filing.  Defendants shall then have fourteen (14) days to

6   file an optional written reply.  The court will set a hearing date if it determines that a hearing is

7   required.

8            4.       The remainder of the court's May 20, 2010 order remains in effect.

9            IT IS SO ORDERED.

10  DATED:  October 5, 2010

11

12

13

14                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26