IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ZAPATA dba ZAPATA
COLLECTION, SERVICE,
an Individual,

      Plaintiff,

v.

FLINTCO, INC., an Oklahoma
corporation, SAN JOAQUIN
COMMUNITY COLLEGE DISTRICT,
a Political Subdivision and JOHN DOE
1-25, inclusive,

      Defendants.
_____/

No. 2:09-cv-03555 GEB KJN PS

ORDER

      On December 10, 2010, defendants filed a motion to dismiss this case for lack of federal subject matter jurisdiction. (Mot. to Dismiss, Dkt. No. 41.) The motion is fully briefed, and the parties have submitted evidence in support of and in opposition to the motion. In setting the briefing schedule on defendants' motion, the court advised the parties that it would conduct a hearing on defendants' motion to dismiss only if it determined that such a hearing was required. (See, e.g., Order, Oct. 5, 2010, Dkt. No. 36.)

      The court has fully reviewed the parties submissions and has determined that an evidentiary hearing addressed to defendants' motion to dismiss is necessary or, at a minimum,

1

would be helpful to resolution of the factual disputes central to defendants' motion. Accordingly, the court orders that an evidentiary hearing be held, as set forth more specifically below.  See, e.g., Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) ("In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.").  Plaintiff is reminded that he bears the burden to prove that this court has federal subject matter jurisdiction to hear his claims.  See, e.g., Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.") (citation and quotation marks omitted); accord Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009); Tosco Corp. v. Cmtys. for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010).

      In light of the foregoing, IT IS HEREBY ORDERED that:

      1.    An evidentiary hearing on defendants' motion to dismiss for lack of subject matter jurisdiction shall be conducted before the undersigned on Thursday, June 30, 2011, at 10:00 a.m., in Courtroom 25.  Due to the potential length of the hearing, this matter will likely be called last in order on the court's calendar.

      2.    On or before June 3, 2011, plaintiff shall file a statement that includes: (1) a list of witnesses that plaintiff intends to call to testify under oath at the evidentiary hearing; and (2) a detailed list of documents that plaintiff believes he will offer into evidence at the evidentiary hearing.  Although it is plaintiff's choice regarding how to attempt to meet his burden to establish federal subject matter jurisdiction, plaintiff might consider submitting documents from plaintiff and MWE Services Inc. dba Midwest Demolition Company and Midwest Demolition Company of California such as the full financial ledgers and bank records pertaining to the assignment (as well as financial ledgers and bank records for 6 months following payments for the assignment), the incorporation documents or other documents establishing the identities

of the corporate officers and directors of the entities at issue, etc.

3. On or before June 10, 2011, defendants shall file and serve on plaintiff a statement that includes: (1) a list of witnesses that defendants intend to call to testify under oath at the evidentiary hearing, if any; and (2) a detailed list of documents that defendants believe they will offer into evidence at the evidentiary hearing.

4. On or before June 10, 2011, defendants shall submit to the court a courtesy copy of the entire transcript of plaintiff's deposition conducted on October 13, 2010. See E. Dist. Local Rule 133(j).[1]

5. The undersigned will not consider requests or motions for extensions of time absent a showing of extraordinary circumstances. Given plaintiff's prior conduct in this litigation, including his extraordinary delay of proceedings since filing his lawsuit, the undersigned is strongly disinclined to consider any requests or motions for extensions of time filed by plaintiff.

IT IS SO ORDERED.

DATED: April 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 133(j) provides:

> **(j) Depositions.** Depositions shall not be filed through CM/ECF. Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox [sic] of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise. See L.R. 250.1(a).