1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JOHN ZAPATA dba ZAPATA
    COLLECTION, SERVICE,
11  an Individual,

12            Plaintiff,                    No. 2:09-cv-03555 GEB KJN PS

13        v.

14  FLINTCO, INC., an Oklahoma
    corporation, SAN JOAQUIN
15  COMMUNITY COLLEGE DISTRICT,
    a Political Subdivision and JOHN DOE
16  1-25, inclusive,

17            Defendants.              <u>ORDER</u>

18  _____/

19            On September 7, 2011, the court dismissed this case for lack of federal subject

20  matter jurisdiction and subsequently denied plaintiff's motion for reconsideration of the

21  dismissal (Dkt. Nos. 56-57, 61).[1]  In short, the court dismissed this action pursuant to 28 U.S.C.

22  § 1359, concluding that plaintiff was the assignee relative to a collusive or "sham" assignment

23  used to manufacture diversity jurisdiction.  Meanwhile, defendants filed a motion seeking the

24  _____

25            [1]  The United States Court of Appeals for the Ninth Circuit dismissed plaintiff's appeal
    for lack of jurisdiction, and the mandate from the Court of Appeals has issued.  (Dkt. Nos. 71-
26  72.)

                                          1

1   imposition of nearly $160,000 in monetary sanctions against plaintiff pursuant to 28 U.S.C.

2   § 1927 and the court's inherent powers (Dkt. No. 59), which is presently before the court.[2]

3   Because oral argument would not materially aid the resolution of the pending motion, this matter

4   was submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist.

5   Local Rule 230(g).  (Minute Order, Nov. 14, 2011, Dkt. No. 70.)  The undersigned has fully

6   considered the parties' briefs and appropriate portions of the record in this case and, for the

7   reasons that follow, grants defendants' motion in part.  Specifically, the court awards defendants

8   $4,496.00 in monetary sanctions against plaintiff pursuant to 28 U.S.C. § 1927, as discussed

9   below.

10  I.      BACKGROUND

11              On December 23, 2009, plaintiff filed a complaint in this public contracting case,

12  alleging two claims for relief: (1) "breach of duty not to substitute subcontractor for listed

13  subcontractor without proper consent," which was alleged against defendant Flintco, Inc. (see

14  Compl. ¶¶ 12-23); and (2) violation of "due process,"[3] which was alleged against defendant San

15  Joaquin Delta Community College District (see id. ¶¶ 24-36).  Plaintiff filed this action as John

16  Zapata, doing business as Zapata Collection Service, "an individual residing in Lancaster County,

17  Nebraska" and "the assignee of all rights, title, [and] interest due to Midwest Demolition

18  Company of California . . . , a California corporation, and against all Defendants."  (Compl. ¶¶ 4-

19  6.)  The named defendants were Flintco, Inc., an Oklahoma corporation ("Flintco"), and San

20  Joaquin Delta Community College, a political subdivision of the state of California ("the

21

22          [2]  This case proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

23

24          [3]  Although plaintiff's claim for relief against the District was labeled as a "due process"
    claim, plaintiff did not allege a federal constitutional violation pursuant to 42 U.S.C. § 1983.
25  Instead, plaintiff alleged that the District violated statutory protection provided by state law in the
    California Public Contract Code by holding an administrative hearing when it did.  Plaintiff
26  never alleged or argued that this court had subject matter jurisdiction over his claims pursuant to
    28 U.S.C. § 1331 or 28 U.S.C. § 1343.

1   District").  (Id. ¶¶ 8-9.)  Plaintiff alleged that this court has subject matter jurisdiction over this

2   action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  (Compl. ¶¶ 1-2.)

3          Flintco and the District subsequently filed answers to plaintiff's complaint.  On

4   May 20, 2010, the undersigned conducted a status (pretrial scheduling) conference in this case.

5   (Minutes, Dkt. No. 28; see also Order, May 21, 2010, Dkt. No. 29.)  In the parties' Joint Status

6   Report, defendants notified the court of their contention that this court might lack diversity

7   jurisdiction over plaintiff's claims and that plaintiff, a non-lawyer, could not appear on behalf of

8   the proper plaintiff in this case, Midwest Demolition Company of California ("MDC

9   California").  (See Joint Status Report at 2, Dkt. No. 24.)  Specifically, defendants alleged that

10  the assignment from MDC California to plaintiff was a "sham" and ineffective to create diversity

11  jurisdiction; MDC California, a California corporation, was the proper plaintiff; and there could

12  be no complete diversity if MDC California was the proper plaintiff because the District was also

13  a California entity.  (See id. at 2:17-22.)

14         Following the scheduling conference, the undersigned entered an order:

15  (1) permitting defendants to conduct limited discovery and a limited deposition of plaintiff

16  confined to the issue of the court's subject matter jurisdiction; and (2) setting a briefing schedule

17  for defendants' motion, if any, regarding the issues raised in the Joint Status Report.  (See Order,

18  May 21, 2010, at 3-5.)  The undersigned set a special schedule to accommodate plaintiff, who

19  informed the court that he would be traveling abroad and unavailable from approximately

20  June 18, 2010, through the middle of August of 2010.  (Id. at 3.)  The goal of this schedule was

21  to accomplish the jurisdiction-related discovery prior to the date that plaintiff was scheduled to

22  leave the country.

23         Despite this accommodation, contentious discovery disputes arose wherein

24  defendants contended, with supporting declarations and documents, that plaintiff's obstreperous

25  behavior precluded compliance with the court's May 20, 2010 order.  Indeed, the undersigned

26  nearly sanctioned plaintiff and almost recommended that plaintiff's case be dismissed pursuant to

3

1   Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute this action and

2   repeated failures to follow the court's orders.  (See Order to Show Cause, Sept. 9, 2010, Dkt.

3   No. 32; Order, Oct. 5, 2010, Dkt. No. 36.)  Moreover, plaintiff did not return from his

4   international trip until late September 2010, and did not notify the court of his return until he was

5   under the threat of sanctions including dismissal.  (See Letter, Sept. 28, 2010, Dkt. No. 35.)  The

6   undersigned ultimately modified the discovery and briefing schedules.[4]  (See Order, June 10,

7   2010, Dkt. No. 31; Order, Oct. 5, 2010.)

8           Defendants were finally able to take plaintiff's deposition on October 13, 2010,

9   nearly five months after the status (pretrial scheduling) conference.  Defendants subsequently

10  filed a timely motion to dismiss that challenged plaintiff's allegation that this court could

11  exercise diversity jurisdiction over plaintiff's claims.  After being granted an extension of time to

12  oppose defendants' motion, plaintiff filed a written opposition.  The undersigned subsequently

13  conducted an evidentiary hearing regarding the issue of subject matter jurisdiction, which lasted

14  approximately five hours.

15          As noted above, the court dismissed this case for lack of federal subject matter

16  jurisdiction and subsequently denied plaintiff's motion for reconsideration of the dismissal.  The

17  court concluded that the assignment from MDC California to plaintiff was collusive or a "sham"

18  within the meaning of 28 U.S.C. § 1359, and, accordingly, the court lacked diversity jurisdiction.

19  It appears that plaintiff might have re-filed this action in a California Superior Court.  (See Lax

20  Decl. ¶ 8, Dkt. No. 59, Doc. No. 59-3.)

21  II.    DISCUSSION

22          Through their motion, defendants seek to recover all of their attorneys' fees and

23  costs incurred in this action while it proceeded in federal court.  Specifically, Flintco requests a

24

25      [4]  This extension was the second such extension.  The court previously extended the
    jurisdiction-related discovery period at defendants' request, all of which resulted from plaintiff's
26  behavior and international travel schedule.  (See Order, June 10, 2010, Dkt. No. 31.)

1  total award of $132,221.00, and the District requests a total award of $26,374.32.

2         Defendants offer two bases for the imposition of monetary sanctions on plaintiff.

3  First, defendants seek sanctions pursuant to 28 U.S.C. § 1927.  Second, defendants seek

4  sanctions pursuant to the court's inherent power to impose sanctions.  See Chambers v. NASCO,

5  Inc., 501 U.S. 32, 43-46 (1991) (discussing court's inherent power to impose sanctions).  The

6  undersigned addresses each ground for sanctions in turn.

7        A.    Sanctions Pursuant to 28 U.S.C. § 1927

8         Defendants request sanctions pursuant to 28 U.S.C. § 1927 in an amount

9  equivalent to all of the money they spent in attorneys' fees and costs in this action.  The

10  undersigned concludes that defendants are not entitled to all of the requested sanctions pursuant

11  to 28 U.S.C. § 1927, but awards defendants sanctions in connection with plaintiff's conduct that

12  actually multiplied the proceedings in this case in an unreasonable and vexatious manner.

13         Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct

14  cases in any court of the United States or any Territory thereof who so *multiplies the proceedings*

15  in any case unreasonably and vexatiously may be required by the court to satisfy personally the

16  excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"

17  (emphasis added).[5]  Sanctions imposed pursuant to 28 U.S.C. § 1927 "must be supported by a

18  finding of subjective bad faith," and such "[b]ad faith is present when an attorney knowingly or

19  recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing

20  an opponent."  Moore v. Keegan Mgmt. Co. (In Re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431,

21

22      [5]  The undersigned rejects plaintiff's argument that he may not be subjected to monetary
sanctions pursuant to 28 U.S.C. § 1927 because he is proceeding without counsel.  Although the
undersigned notes that there is a conflict among circuits regarding the application of 28 U.S.C.

23  § 1927 to pro se litigants, see, e.g., Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997)
(recognizing conflict among certain Circuits), plaintiff's argument is foreclosed by binding Ninth

24  Circuit authority holding that "Section 1927 sanctions may be imposed upon a pro se plaintiff,"
Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1990); accord Eisen v. Curry (In Re Eisen), 14

25  F.3d 469, 471 (9th Cir. 1994).  Despite plaintiff's efforts to argue that Wages was wrongly
decided, the undersigned finds no occasion to attempt to overrule or sidestep the Circuit Court's

26  clear holding.

436 (9th Cir. 1996) ("<u>Moore</u>") (citations and quotation marks omitted).  The Ninth Circuit Court

of Appeals has plainly held that Section 1927 does "not apply to complaints or initial pleadings."

<u>See</u> <u>De Dios v. Int'l Realty & Investments</u>, 641 F.3d 1071, 1076 (9th Cir. 2011) (recognizing that

"sanctions under 28 U.S.C. § 1927 do not apply to complaints or initial pleadings"); <u>see also</u>

<u>Moore</u>, 78 F.3d at 435 ("Because the section authorizes sanctions only for the "multipli[cation

of] proceedings," it applies only to unnecessary filings and tactics once a lawsuit has begun.  We

have twice expressly held that § 1927 cannot be applied to an initial pleading.") (modification in

original, citations omitted).[6]  In <u>Moore</u>, the Court of Appeals clarified that "[t]he filing of a

complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be

sanctioned pursuant to § 1927."  <u>Moore</u>, 78 F.3d at 435.

        Here, defendants' request for sanctions pursuant to 28 U.S.C. § 1927

predominantly rests on plaintiff's act of filing a complaint that contained a defective allegation

concerning the basis for this court's subject matter jurisdiction.  With certain exceptions

discussed below, defendants complain that because the court ultimately concluded that plaintiff

had engaged in a collusive assignment to establish diversity jurisdiction at the start of the action,

each instance in which plaintiff argued in support of a finding of proper subject matter

jurisdiction constituted sanctionable conduct under 28 U.S.C. § 1927.  For example, defendants

contend that plaintiff's acts of denying the existence of a collusive assignment at the status

(pretrial scheduling) conference, at his deposition, and at the evidentiary hearing are

sanctionable.  The undersigned finds that defendants' arguments in this regard are unpersuasive.

Plaintiff's act of filing a complaint premised on a collusive assignment used to create diversity

_____

    [6] <u>See also</u>, <u>e.g.</u>, <u>Delamater v. Anytime Fitness, Inc.</u>, 722 F. Supp. 2d 1168, 1181 n.16
(E.D. Cal. 2010) (denying an request for sanctions made pursuant to 28 U.S.C. § 1927 where the
request was based on the filing of an initial pleading); <u>Gomes v. Am. Century Cos.</u>, No. 2:09-cv-
02153-FCD/KJM, 2010 WL 1980201, at *3-4 (E.D. Cal. May 17, 2010) (unpublished)
("[D]efendants are precluded from seeking sanctions under § 1927 because the conduct that is
the subject of defendants' sanctions motion is plaintiff's filing of the complaint in the Eastern
District of California.").

1   jurisdiction is not sanctionable under 28 U.S.C. § 1927.  Moreover, under the peculiar facts of

2   this case, plaintiff's act of arguing in favor of proper subject matter jurisdiction throughout the

3   action is similarly not sanctionable because plaintiff's arguments relate back to the filing of the

4   complaint.  Stated differently, the challenge to subject matter jurisdiction directly related to

5   plaintiff's act of filing the complaint and initiating this lawsuit.  Accordingly, to sanction plaintiff

6   for taking and maintaining the position that proper diversity jurisdiction existed would be to

7   sanction plaintiff for filing his complaint in the first place.  Thus, the undersigned denies

8   defendants' request for sanctions pursuant to 28 U.S.C. § 1927, except as stated below.[7]

9           The undersigned finds that defendants are entitled to limited sanctions pursuant to

10  28 U.S.C. § 1927 because plaintiff unreasonably and vexatiously multiplied proceedings

11  concerning the jurisdiction-specific discovery in this case.  The court provided defendants with

12  an opportunity to conduct limited discovery to facilitate an expeditious determination by the

13  court as to whether the court could exercise subject matter jurisdiction over plaintiff's claims.

14  This process was far from expeditious, and plaintiff's unreasonable and evasive conduct was the

15  cause of the delays in completing that discovery.  In terms of the multiplication of proceedings,

16  defendants were forced to request an extension of the court's jurisdictional discovery deadlines

17  and the court's assistance in securing plaintiff's cooperation in the discovery process.  (See

18  Defs.' Req. to Modify Court's Order Dated May 20, 2010 & Req. for Sanctions, Dkt. No. 30; see

19  also Order, June 10, 2010, Dkt. No. 31.)  Defendants' submissions support that plaintiff engaged

20  in dilatory and evasive conduct to drag out and delay the discovery process.  For example, the

21  declaration of Jason W. Suh dated June 9, 2010, documents in detail plaintiff's lack of

22  cooperation in completing discovery responses in a timely fashion and appearing for his

23  deposition on the court's schedule.  (See generally Suh Decl., June 9, 2010, Dkt. No. 30, Doc.

24  No. 30-1.)  Despite making representations to the court and defendants regarding availability and

25

26      [7]  Notably, defendants substantially softened their stance on the propriety of sanctions
     pursuant to 29 U.S.C. § 1927 in their reply brief.

the desire to cooperate, plaintiff was anything but diligent or agreeable in terms of accomplishing the jurisdiction-related discovery.  Subsequently, the court was forced to enter an Order to Show Cause to secure plaintiff's compliance with the court's orders, and defendants prepared and filed, at the court's invitation, a brief in support of sanctions.  (Order to Show Cause, Sept. 9, 2010; Defs.' Reply to Order to Show Cause, Dkt. No. 34.)  The undersigned finds that plaintiff's actions were in bad faith; at a minimum, plaintiff's actions during this period time were designed to harass defendants.

The undersigned finds that defendants are entitled to some sanctions in regards to plaintiff's conduct that delayed the jurisdiction-related proceedings.  Specifically, the undersigned finds that defendants are entitled to recover the attorneys' fees reasonably incurred in connection with preparation of: (1) defendants' June 9, 2010 request to modify the jurisdiction-related discovery schedule (Dkt. No. 30); and (2) defendants' September 24, 2010 reply to plaintiff's response to the court's Order to Show Cause (Dkt. No. 34).

In terms of defendants' June 9, 2010 request to modify the jurisdiction-related discovery schedule, defendants had previously requested $860 in attorneys' fees and costs consisting of four hours of Mr. Suh's billable time at a rate of $215 per hour.  (Suh Decl., June 9, 2010, ¶17.)  Applying a traditional "lodestar" approach, the undersigned finds that Mr. Suh's hourly rate is reasonable and that Mr. Suh reasonably spent four hours preparing defendants' request to modify the court's discovery schedule.  Accordingly, the undersigned sanctions plaintiff in an amount of $860, payable to defendants.

Additionally, the undersigned sanctions plaintiff in an amount equivalent to the amount of attorneys' fees reasonably incurred by defendants as a result of their counsel—specifically, Mr. Suh and Paul A. Lax—preparing the September 24, 2010 reply to plaintiff's response to the court's Order to Show Cause.  As noted above, Mr. Suh's hourly rate of $215 per hour is reasonable.  The undersigned also finds that Mr. Lax's rate of rate of $380 per hour is also reasonable.  The billing records of Messrs. Lax and Suh reflect that Mr. Lax

1  reasonably spent 2.1 hours on the subject reply brief, and Mr. Suh reasonably spent 13.2 hours on

2  the reply brief.  (Lax Decl., Sept. 20, 2011, Ex. 1 at 36-37.)  In total, the amount reasonably

3  billed and incurred by defendants totals $3,636.00.  (Id.)  Accordingly, the undersigned further

4  sanctions plaintiff in an additional amount of $3,636.00.  Thus, the total amount of sanctions

5  imposed pursuant to 28 U.S.C. § 1927 is $4,496.00.

6          B.      Sanctions Pursuant to the Court's Inherent Authority

7              Defendants also seek sanctions premised on the court's inherent power to impose

8  sanctions.  Exercising the discretion accorded to the court, the undersigned denies defendants'

9  request.

10             Courts may impose sanctions upon parties pursuant to their inherent power.  See

11 Chambers v. NASCO, Inc., 501 U.S. 32, 43-46; B.K.B v. Maui Police Dept., 276 F.3d 1091,

12 1107-08 (9th Cir. 2002).  "[C]onduct that is 'tantamount to bad faith' is sanctionable."  B.K.B.,

13 276 F.3d at 1108 (citation omitted).  "Because of their very potency, inherent powers must be

14 exercised with restraint and discretion," and "[a] primary aspect of that discretion is the ability to

15 fashion an appropriate sanction for conduct which abuses the judicial process."  Chambers, 501

16 U.S. at 44-45.

17             Here, the undersigned finds that the sanctions awarded above are adequate to

18 punish plaintiff for his abuses of the judicial process.  Although the court found that plaintiff

19 essentially acted in bad faith in alleging the existence of diversity jurisdiction, the undersigned

20 does not find it appropriate to further sanction plaintiff, who proceeded without counsel in this

21 action.  The undersigned also notes that a very substantial portion of defendants' requested

22 attorneys' fees relate to defendants' counsel's legal and factual research of the substantive merits

23 of the case and preparation of a motion for summary judgment that was never filed in this action;

24 that research and the motion for summary judgment will likely be useful to defendants in the

25 action now proceeding in state court.  (See generally Lax Decl., Sept. 20, 2011, Ex. 1.)  The

26 undersigned exercises the restraint and discretion counseled by applicable case law, and denies

9

an award of sanctions based on the court's inherent power.

III.     CONCLUSION

        Based on the foregoing, IT IS HEREBY ORDERED that:

        1.     Defendants' motion requesting monetary sanctions against plaintiff (Dkt. No. 59) is granted in part and denied in part.

        2.     Plaintiff is sanctioned in an amount of \$4,496.00, payable by plaintiff to defendants' counsel for distribution to the respective defendants.

        3.     This court does not retain jurisdiction over the enforcement of this order.

        IT IS SO ORDERED.

DATED:  January 24, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10